UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WENWEN LI,

    Plaintiff

    v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### General Factual Allegations

1.      The Plaintiff, Wenwen Li, is a resident of Boston, Massachusetts.

2.      The Defendant, Royal Caribbean Cruises Ltd., is a foreign profit company duly organized and existing under the laws of Liberia.

3.      The Defendant, Royal Caribbean Cruises Ltd., is engaged and does business in Miami-Dade County, Florida, with its world-wide headquarters, principal address, and principal place of business located at 1050 Caribbean Way, Miami, FL 33132.

4.      The Defendant does business under the name of Royal Caribbean Cruises Ltd. or RCCL or Royal Caribbean Group.

5.      On or about December 14, 2024, the Defendant was doing business in the State of Florida.

6.      On or about December 14, 2024, the Plaintiff was a passenger lawfully aboard the vessel WONDER OF THE SEAS.

7.    On or about December 14, 2024, the Defendant owned the WONDER OF THE SEAS.

8.    On or about December 14, 2024, the Defendant operated the WONDER OF THE SEAS.

9.    On or about December 14, 2024, the Defendant controlled the WONDER OF THE SEAS.

10.    The Defendant chartered the WONDER OF THE SEAS from some other person or entity such that, on or about December 14, 2024, the Defendant was the owner pro hac vice of the WONDER OF THE SEAS.

11.    On or about December 14, 2024, the WONDER OF THE SEAS was in navigable waters.

12.    On or about December 14, 2024, the Defendant owned the island of CocoCay, Bahamas, also known as "Perfect Day at CocoCay" (collectively referred to herein as "CocoCay").

13.    On or about December 14, 2024, the Defendant owned the facilities on CocoCay, including its beaches, walkways, structures, recreational areas, food-service outlets, and guest facilities.

14.    On or about December 14, 2024, the Defendant, by itself and/or through its agents, operated the facilities on CocoCay, including its beaches, walkways, structures, recreational areas, food-service outlets, and guest facilities.

15.    On or about December 14, 2024, the Defendant, by itself and/or through its agents,   maintained the facilities on CocoCay, including its beaches, walkways, structures, recreational areas, food-service outlets, and guest facilities.

16.     On or about December 14, 2024, the Defendant, by itself and/or through its agents, controlled the facilities on CocoCay, including its beaches, walkways, structures, recreational areas, food-service outlets, and guest facilities.

17.     On or about December 14, 2024, the Defendant owned the Snack Shack food-service facility located on South Beach at CocoCay ("the South Beach Snack Shack").

18.     On or about December 14, 2024, the Defendant, by itself and/or through its agents, operated the South Beach Snack Shack.

19.     On or about December 14, 2024, the Defendant, by itself and/or through its agents, controlled the South Beach Snack Shack, including its premises, equipment, fixtures, and guest areas.

20.     On or about December 14, 2024, the Defendant, by itself and/or through its agents, maintained the South Beach Snack Shack, including its structures, equipment, appliances, and safety-related conditions.

21.     On or about December 14, 2024, the personnel working at the South Beach Snack Shack, including food-service staff, attendants, and other personnel, were employees of the Defendant.

22.     On or about December 14, 2024, the personnel working at the South Beach Snack Shack, including food-service staff, attendants, and other personnel, were employed by entities acting on the Defendant's behalf.

23.     At all times material, the personnel working at the South Beach Snack Shack were acting within the course and scope of their employment and/or as the agents, apparent agents, servants, or representatives of the Defendant.

24.     On or about December 14, 2024, the Plaintiff was lawfully present on CocoCay, as part of the cruise itinerary of the WONDER OF THE SEAS.

25.     On or about December 14, 2024, the Plaintiff sustained severe personal injuries at CocoCay at or near the South Beach Snack Shack, when struck in the head by an unsecured lid that fell from a commercial ice machine.

26.     Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff was exercising due care.

**Jurisdiction and Venue**

27.     Pursuant to 28 U.S.C. § 1332, this action involves the diversity of citizenship of the parties as more fully described above and for damages in excess of $75,000.  In the alternative, this case falls within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

28.     Venue is appropriate in this Court pursuant to a forum selection clause in the subject contract for passage.

**Count I (Negligence)**

29.     The Plaintiff reiterates the allegations set forth in paragraphs 1 through 28 above and incorporates them herein.

30.     At all times material hereto, the Defendant owed to the Plaintiff the duty to exercise reasonable care under the circumstances to ensure the Plaintiff's safety.

31.     The Defendant breached its duty of care to the Plaintiff and was negligent, including but not limited to: failing to secure the lid of a commercial ice machine positioned overhead in a guest area; failing to inspect, maintain, and repair the ice machine in a safe

4

condition; failing to warn of the dangerous condition; and in other ways that will be shown at trial.

32.     The personal injuries sustained by the Plaintiff were not caused by any fault on her part but were caused solely by the negligence of the Defendant, its agents, servants and/or employees.

33.     As a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, expenses for medical treatment, loss of earnings, and other damages to be proven at trial.

34.     The losses listed in paragraph 33 are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount to be determined by the jury, together with interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN.

Miami, Florida
November 17, 2025

**/s/ Michael C. Black**
Michael C. Black, Esquire
F.B.N. 0056162
mblack@marlaw.com
MICHAEL C. BLACK, P.A.
Dadeland Square at the Greenery Mall
7700 North Kendall Drive, Suite 305
Miami, Florida 33156
Telephone:     305-271-8301
Facsimile:      305-271-8302
*Counsel for Plaintiff, Wenwen Li*